UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO JOHNSON,<br><br>           Plaintiff,<br><br>      v.<br><br>KERN COUNTY JAIL, et al.,<br><br>           Defendants. | 1:22-cv-01046-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE**<br><br>**14-DAY DEADLINE**<br><br>**Clerk of the Court to Assign District Judge** |

Plaintiff Roberto Johnson is a former county and current state inmate proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.     RELEVANT BACKGROUND**

On June 7, 2023, this Court issued its First Screening Order. (Doc. 10.) The Court found Plaintiff stated a cognizable Eighth Amendment failure to protect claim against Defendant Frye but had failed to state any other cognizable claim against any other defendant. (*Id*. at 5-10.) Plaintiff was directed to do one of the following within 21 days: (1) notify the Court he did not wish to file an amended complaint and instead was willing to proceed only on the Eighth Amendment failure to protect claim against Defendant Frye with the remaining claims to be dismissed; *or* (2) file a first amended complaint curing the deficiencies identified in the Court's order, *or* (3) file a notice of voluntary dismissal. (*Id*. at 11.)

On July 6, 2023, it came to the Court's attention that Plaintiff had not been served with the First Screening Order due to an oversight in the Clerk's Office, and Plaintiff was served by mail that same day. (*See* Docket Entry dated 7/6/23.)

1

More than 21 days have passed since Plaintiff was served with the First Screening Order on July 6, 2023, and Plaintiff has failed to notify the Court he wishes to proceed on his cognizable claim, or to file a first amended complaint, or to file a notice of voluntary dismissal.

## II.   DISCUSSION

### A.   Legal Standards

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

### B.   Analysis

Plaintiff has failed to notify the Court that he wishes to proceed only on his cognizable claim, and has not filed either a first amended complaint or notice of voluntary dismissal as directed in the screening order. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The Court's June 7, 2023, screening order provided Plaintiff with 21 days within which to notify the Court he did not wish to file an amended complaint and instead would proceed on his cognizable claim against Defendant Frye, or, alternatively, to file either a first amended complaint or a notice of voluntary dismissal. Although more than 21 days have elapsed following service of the order to Plaintiff on July 6, 2023, Plaintiff has failed to comply with the Court's orders. His inaction amounts to an unreasonable delay in prosecuting this action resulting in a presumption of injury. Therefore, the third factor—a risk of prejudice to defendants—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). By failing to comply with the Court's screening order following service on July 6, 2023, or to otherwise contact the Court, Plaintiff is not moving this case forward and is impeding its progress. Thus, the fourth factor—the public policy favoring disposition of cases on their merits—weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. The Court's screening order stated: "**<u>WARNING</u>: Failure to comply with this Order will result in the Court recommending this action be dismissed, without prejudice, for failure to obey a court order and for failure to prosecute**." (Doc. 10 at 11-12.) In the Court's First Informational Order in Prisoner/Civil Detainee Civil Rights Case, issued August 19, 2022, Plaintiff was advised, in relevant part: "In litigating this action, the parties must comply with this Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the United States District Court, Eastern District of California ("Local Rules"), as modified by this Order.

Failure to so comply will be grounds for imposition of sanctions which may include dismissal of the case. Local Rule 110; Fed. R. Civ. P. 41(b)." (Doc. 3 at 1.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance. Therefore, the fifth factor—the availability of less drastic sanctions—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

In sum, Plaintiff has failed to comply with the Court's orders, and in doing so, has failed to prosecute this action. Whether Plaintiff has done so intentionally or mistakenly is inconsequential. It is Plaintiff's responsibility to comply with the Court's orders and to prosecute this action. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

### III.     CONCLUSION AND RECOMMENDATIONS

The Court **DIRECTS** the Clerk of the Court to assign a district judge to this action.

For the reasons given above, the Court **RECOMMENDS** that this action be **DISMISSED** without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 10, 2023**                    /s/ *Sheila K. Oberto*
                                                               UNITED STATES MAGISTRATE JUDGE