UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO JOHNSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KERN COUNTY JAIL, et al.,<br><br>　　　　Defendants. | 1:22-cv-01046-NODJ-SKO (PC)<br><br>**ORDER TO SHOW CAUSE WHY DEFENDANT FRYE SHOULD NOT BE DISMISSED FROM THIS ACTION FOR FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECT SERVICE**<br><br>**30-DAY DEADLINE** |

Plaintiff Roberto Johnson is a former county and current state inmate proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment failure to protect claim against Defendant Frye.

**I.    INTRODUCTION**

On October 27, 2023, this Court issued its Order Finding Service Appropriate And Forwarding Service Documents To Plaintiff For Completion And Return. (Doc. 16.) Plaintiff submitted service documents on January 10, 2024. (Doc. 21.) On that same date, the United States Marshals Service was directed to serve the summons and complaint on Defendant Frye. (Doc. 22.) Specifically, the order identified Defendant Frye as follows: "**Kern County Deputy Sheriff Frye, Badge No. 1572**." (*Id*, emphasis in original.)

On March 26, 2024, the United States Marshals Service filed its USM-285 form indicating service on Defendant Frye could not be effected. (Doc. 24.) The United States Marshals Service was advised by the Kern County Sheriff's Office advised that "Deputy Frye has not worke[d]

there since 2021." (*Id.*)[1]

## II. DISCUSSION AND ORDER

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and . . . should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them . . . ." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to identify the defendant and to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendant is appropriate. *Walker*, 14 F.3d at 1421-22.

The United States Marshal has attempted to serve Defendant Frye with the information provided by Plaintiff and was advised that Deputy Frye was no longer employed at the Kern County Sheriff's Office. Therefore, Plaintiff has failed to provide the Marshal with accurate and sufficient information to effect service of the summons and Plaintiff's complaint on Defendant Frye. *Walker*, 14 F.3d at 1421-22. It is his obligation to do so. *Id*. at 1422. If Plaintiff is unable to provide the United States Marshal with the necessary information to locate this individual,

---

[1] Apparently, no last known address for Deputy Frye was available and/or provided.

Defendant Frye shall be dismissed from this action, without prejudice, pursuant to Rule 4 of the Federal Rules of Civil Procedure.

Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause why Defendant Frye should not be dismissed from the action at this time. Plaintiff may respond to this order by providing additional information[2] that will assist the United States Marshal in locating Defendant Frye for service of process.

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. **Within thirty (30) days** from the date of service of this order, Plaintiff shall show cause why Defendant Frye should not be dismissed from this action; and
2. **The failure to respond to this order or the failure to show cause will result in the dismissal of any unidentified defendant from this action, due to Plaintiff's failure to serve process pursuant to Federal Rule of Civil Procedure 4(m).**

IT IS SO ORDERED.

Dated:  **March 29, 2024**                    /s/ *Sheila K. Oberto*
                                              UNITED STATES MAGISTRATE JUDGE

---

[2] Helpful additional information might include, for example, first initial or name if known, a physical description (approximate age, height and weight, eye and hair color, any other distinguishing feature), possible current employment and/or residential addresses.

3