UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO JOHNSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KERN COUNTY JAIL, et al.,<br><br>　　　　Defendants. | 1:22-cv-01046-NODJ-SKO (PC)<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE**<br><br>**ORDER EXTENDING DEADLINE WITHIN WHICH PLAINTIFF MAY SUBMIT ADDITIONAL IDENTIFYING INFORMATION REGARDING DEFENDANT FRYE** |

　　　　Plaintiff Roberto Johnson is a former county and current state inmate proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment failure to protect claim against Defendant Frye.

**I.　　RELEVANT BACKGROUND**

　　　　On October 27, 2023, this Court issued its Order Finding Service Appropriate And Forwarding Service Documents To Plaintiff For Completion And Return. (Doc. 16.) Plaintiff submitted service documents on January 10, 2024. (Doc. 21.) On that same date, the United States Marshals Service was directed to serve the summons and complaint on Defendant Frye. (Doc. 22.) The order identified Defendant Frye as follows: "**Kern County Deputy Sheriff Frye, Badge No. 1572**." (*Id*, emphasis in original.)

　　　　On March 26, 2024, the United States Marshals Service filed a USM-285 form indicating service on Defendant Frye could not be effected. (Doc. 24.) The United States Marshals Service was advised by the Kern County Sheriff's Office that "Deputy Frye has not worke[d] there since

2021." (*Id.*)[1]

On March 29, 2024, this Court issued its Order To Show Cause ("OSC") Why Defendant Frye Should Not Be Dismissed From This Action For Failure To Provide Sufficient Information To Effect Service. (Doc. 25.) Plaintiff was ordered to respond to the OSC within 30 days. (Id. at 3.) On April 15, 2024, Plaintiff filed a written response to the OSC. (Doc. 26.)

## II.     DISCUSSION

In his response to the OSC, Plaintiff states that he had a family friend perform an "online address search" to locate Defendant Frye, but the search was not successful. (Doc. 26.) Plaintiff states he has been diligent in his search for Frye, and requests "leave to conduct early third party discovery to obtain information regarding Defendant Frye locations, and to serve subpoenas to Kern County Jail." (*Id*. At 1.) Plaintiff asks the Court to direct the United States Marshal to contact the Kern County Jail "to attempt to locate a current address or last known address for Defendant Frye, and use reasonable efforts to effect service of Summons upon" Frye. (*Id*.) Plaintiff also requests the Court to "instruct Kern County Jail to advise whether it could locate an alternative address for Defendant (former Deputy) Frye." (*Id*. at 2.)

As Plaintiff was advised in the OSC, it is his obligation "to provide the Marshal with accurate and sufficient information to identify the defendant and to effect service of the summons and complaint." *Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994). (*See* Doc. 25 at 2.) Plaintiff was also advised he "may respond to [the OSC] by providing additional information." (*Id*. at 3.) He was advised that "[h]elpful additional information might include, for example, first initial or name if known, a physical description (approximate age, height and weight, eye and hair color, any other distinguishing feature), possible current employment and/or residential addresses." (*Id*. at 3, n.2.) Plaintiff's response to the OSC offers none of the suggested helpful information.

The United States Marshal has aided Plaintiff by attempting personal service on "Deputy Frye" at the "Kern County Jail" on March 25, 2024. (*See* Doc. 24.) However, based upon the information provided by Plaintiff service could not be completed. It is not the Marshal's

---

[1] Apparently, no last known address for Deputy Frye was available and/or provided.

responsibility to locate Defendant Frye. *See Howard v. Encinas*, No. 1:18-cv-01710-DAD-EPG (PC), 2020 WL 2489634, *2 (E.D. Cal. May 14, 2020) ("As Plaintiff has failed to provide the Marshal with accurate and sufficient information to effect service of summons and complaint on defendant Leno and W. Hanna," where the institution of confinement at the time of the incident reported neither "Leno" nor "W. Hanna" was employed at that institution, the Court recommended dismissal of those defendants) (recommendation adopted July 10, 2020, 2020 WL 3893633); *Heredia v. Lawrence*, No. 17cv1560-LAB (LL), 2019 WL 1330316, at *2 (S.D. Cal. Mar. 25, 2019) (plaintiff suggested burden of locating defendants should "be on the USMS or the Court" but it is plaintiff's responsibility to provide the necessary information and the "USMS does its best to effect service as instructed, but it does not have the ability to track down every defendant named in a complaint if the information provided by the plaintiff is faulty"). Nor does that burden fall or extend to the Court. *See, e.g., Heredia,* 2019 WL 1330316, at *2; *Harbridge v. Hall, Lee, and Tucker*, No. 1:10-cv-00473-DAD-JLT (PC), 2017 WL 1821282, at *5 (E.D. Cal. May 5, 2017) ("Plaintiff argues that the Ninth Circuit should 'clearly carve out ... a new rule' requiring district courts to order the U.S. Marshal to access the internet and public records to locate defendants who no longer work for the CDCR for purposes of service. Plaintiff has failed to come forward with any legal precedent for imposing such requirements on the U.S. Marshal and the court has found none. In addition, given the number of incarcerated plaintiffs who proceed pro se in this district, the court declines to impose such an overwhelming and additional burden on the U.S. Marshal").

Before the Court will consider directing the Marshal to make further service of process efforts regarding Defendant Frye by contacting the Kern County Sheriff's Office, Plaintiff will be directed to provide a physical description of Defendant Frye and any other identifying information available to him. As discussed in this Court's First Screening Order, Plaintiff alleges that Defendant Frye failed to protect Plaintiff by refusing to wear a mask during the COVID-19 pandemic. (Doc. 10 at 3-7.) It is reasonable to infer from the allegations that Plaintiff should be able to provide a physical description of Defendant Frye as he seeks to hold Frye responsible for Frye's actions before February 13, 2021, including placing "non-infected inmates into 'a

quarantine which infected all inmates including Plaintiff in that jail.'" (*Id*. at 3.)

Plaintiff will be directed to provide a physical description of Defendant Frye and any other available identifying information. Upon receipt of that information from Plaintiff, the Court will determine whether it is appropriate to order the United States Marshal to make additional efforts to effect service of process on Defendant Frye.

### III. CONCLUSION AND ORDER

For the reasons given above, **IT IS HEREBY ORDERED** that Plaintiff **SHALL** provide a physical description of Defendant Frye, accompanied by any other identifying information available to Plaintiff, **within 21 days** of the date of service of this order.

**Plaintiff is advised the failure to respond to this order may result in a recommendation for the dismissal of any unidentified defendant from this action, due to Plaintiff's failure to serve process pursuant to Federal Rule of Civil Procedure 4(m), or a recommendation for the dismissal of this action for Plaintiff's failure to obey court orders.**

IT IS SO ORDERED.

Dated:   **April 16, 2024**              /s/ *Sheila K. Oberto*
                                                         UNITED STATES MAGISTRATE JUDGE