UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROBERTO JOHNSON,

        Plaintiff,

    v.

KERN COUNTY JAIL, et al.,

        Defendants.

1:22-cv-01046-KES-SKO (PC)

**ORDER REGARDING STATUS OF SERVICE OF PROCESS**

**30-DAY DEADLINE**

Plaintiff Roberto Johnson is a former county jail and current state prison inmate proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The action proceeds on Plaintiff's Eighth Amendment failure to protect claim against Defendant Frye.

## I.     INTRODUCTION

On October 27, 2023, this Court issued its Order Finding Service Appropriate and Forwarding Service Documents to Plaintiff for Completion and Return. (Doc. 16.)

Plaintiff submitted service documents on January 10, 2024. (Doc. 21.) On that same date, the United States Marshals Service was directed to serve the summons and complaint on Defendant Frye. (Doc. 22.) Specifically, the order identified Defendant Frye as follows: "**Kern County Deputy Sheriff Frye, Badge No. 1572**." (*Id.*, emphasis in original.)

On March 26, 2024, the United States Marshals Service filed its USM-285 form indicating service on Defendant Frye could not be effected. (Doc. 24.)  The United States Marshals Service was advised by the Kern County Sheriff's Office that "Deputy Frye has not worke[d] there since

1

1  2021."[1] (*Id.*)

2      On March 29, 2024, this Court issued its Order To Show Cause ("OSC") Why Defendant

3  Frye Should Not Be Dismissed From This Action For Failure To Provide Sufficient Information

4  To Effect Service. (Doc. 25.) Plaintiff was ordered to respond to the OSC within 30 days. (*Id.* at

5  3.) On April 15, 2024, Plaintiff filed a written response to the OSC. (Doc. 26.)

6      On April 16, 2024, the Court issued its Order Discharging Order to Show Cause and

7  Order Extending Deadline Within Which Plaintiff May Submit Additional Identifying

8  Information Regarding Defendant Frye. (Doc. 27.) Plaintiff was to provide any additional

9  information within 21 days. (*Id.* at 4.) On April 29, 2024, Plaintiff filed a document titled

10  "Plaintiff's Reply to Additional Identifying Information Regarding Defendant Frye." (Doc. 28.)

11     This Court issued its Order Directing United States Marshall to Attempt Re-Service of

12  Defendant Frye on May 1, 2024. (Doc. 29.) On May 16, 2024, the United States Marshals Service

13  filed its USM-285 form indicating the attempted re-service of Defendant Frye was unsuccessful.

14  (Doc. 30.) The Kern County Sheriff's Office Personnel Department advised the United States

15  Marshals Service that it was unable to divulge information from its personnel files and was

16  unable to provide a forwarding address for Defendant Frye. (*Id.*)

17     Defendant Frye is the sole remaining defendant in this action. If service of process cannot

18  be effected as to Defendant Frye, the Court will be required to dismiss Frye, and to close this

19  case. *See* Fed. R. Civ. P. 4(m). Before issuing findings and recommendations to dismiss

20  Defendant Frye for a failure to effect service of process, the Court will allow Plaintiff an

21  opportunity to file a motion for the issuance of a subpoena directed to the Kern County Sheriff's

22  Office regarding a service address or forwarding address for Defendant Frye, should Plaintiff

23  choose to do so in accordance with the information provided below.

24  //

25  //

26

27  [1] The events leading up to Plaintiff allegedly contracting COVID-19 on February 13, 2021, give rise to his
claims against Defendant Frye in this action. (*See* Doc. 10.)

28

## II. DISCUSSION

Federal Rule of Civil Procedure 45[2] governs subpoenas, which are the mechanism for obtaining discovery and testimony from non-parties. A subpoena may be issued by the Court, the Clerk of Court, or an attorney as an officer of the Court for witnesses and documents found within its jurisdiction. *See* Fed. R. Civ. P. 45(a)(2), (3).

Plaintiff is advised that the Court's authorization of a subpoena duces tecum requested by an *in forma pauperis* plaintiff is subject to limitations. Because personal service of a subpoena duces tecum is required under Rule 45(b), "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court." *Austin v. Winett*, No. 1:04-cv-05104-DLB PC, 2008 WL 5213414, *1 (E.D. Cal. 2008); *see also* 28 U.S.C. § 1915(d). Limitations include the relevance of the information sought as well as the burden and expense to the non-party in providing the requested information. Fed. R. Civ. P. 26, 45. A motion for issuance of a subpoena duces tecum should be supported by clear identification of the information or documents sought and a showing that the information or records are obtainable only through the identified third party. *See, e.g.*, *Kindred v. Cabrera*, No. 1:19-cv-00901-JLT-EPG PC, 2022 WL 1017938, at *1 (E.D. Cal. Apr. 5, 2022); *Davis v. Ramen*, No. 1:06-cv-01216-AWI-SKO PC, 2010 WL 1948560, *1 (E.D. Cal. May 11, 2010); *Williams v. Adams*, No. 1:05-cv-00124-AWI-SMS PC, 2010 WL 148703, *1 (E.D. Cal. Jan. 14, 2010). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991). Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these factors. *Id*.

Plaintiff is further advised that the Court is sensitive to safety and security concerns that may arise in providing an inmate or detainee with documents or electronically stored information

---

[2] Rule 45 of the Federal Rules of Civil Procedure permits issuance of subpoenas to obtain discovery from non-parties equivalent to discovery from parties under Rule 34. *See* Adv. Comm. Note to 1991 Amendment to FRCP 45. Rule 34 governs discovery of designated documents, electronically stored information, and designated tangible things subject to the provisions of Federal Rule of Civil Procedure 26(b). *Meeks v. Parsons*, No. 1:03-cv-6700-LJO-GSA, 2009 WL 3003718, at *2 (E.D. Cal. Sept. 18, 2009) (citing *Fahey v. United States*, 18 F. R. D. 231, 233 (S.D.N.Y. 1955)).

containing the address of a staff member. Therefore, should the Court issue a subpoena for such information in the future, the Court will permit the Kern County Sheriff's Office to provide any forwarding address or service address for Defendant Frye (or documents and/or electronically stored information) directly to the Court *in camera* via email, rather than providing that information to Plaintiff. Thereafter, upon receipt of such information, the Court would again direct the United States Marshal's Service to serve Defendant Frye and will also direct the United States Marshal to keep the address confidential.

### III.    CONCLUSION AND ORDER

Based on the foregoing, Plaintiff is granted **30 days** from the date of service of this order within which to file a motion for issuance of a subpoena related to a forwarding address or service address for Defendant Frye.

**Plaintiff is warned that a failure to comply with this order will result in a recommendation that this action be dismissed for a failure to comply with a court order and failure to prosecute**.

IT IS SO ORDERED.

Dated:   **May 20, 2024**                            */s/ Sheila K. Oberto*
                                               UNITED STATES MAGISTRATE JUDGE

4