UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO JOHNSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KERN COUNTY JAIL, et al.,<br><br>　　　　Defendants. | 1:22-cv-01046-KES-SKO (PC)<br><br>**ORDER REGARDING PLAINTIFF'S MOTION FOR ISSUANCE OF SUBPOENA DUCES TECUM**<br><br>(Doc. 32) |

Plaintiff Roberto Johnson is a former county jail inmate and current state prisoner proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The action proceeds on Plaintiff's Eighth Amendment failure to protect claim against Defendant Frye.

**I.    PROCEDURAL BACKGROUND**

On October 27, 2023, this Court issued its Order Finding Service Appropriate and Forwarding Service Documents to Plaintiff for Completion and Return. (Doc. 16.)

Plaintiff submitted service documents on January 10, 2024. (Doc. 21.) On that same date, the United States Marshals Service was directed to serve the summons and complaint on Defendant Frye. (Doc. 22.) The order identified Defendant Frye as follows: "**Kern County Deputy Sheriff Frye, Badge No. 1572**." (*Id.*, emphasis in original.)

On March 26, 2024, the United States Marshals Service filed its USM-285 form indicating service on Defendant Frye could not be effected. (Doc. 24.) The United States Marshals Service was advised by the Kern County Sheriff's Office that "Deputy Frye has not worke[d] there since

1   2021." (*Id*.)

2   On March 29, 2024, this Court issued its Order to Show Cause ("OSC") Why Defendant
3   Frye Should Not Be Dismissed from This Action for Failure to Provide Sufficient Information to
4   Effect Service. (Doc. 25.) Plaintiff was ordered to respond to the OSC within 30 days. (*Id.* at 3.)
5   On April 15, 2024, Plaintiff filed a written response to the OSC. (Doc. 26.)

6   On April 16, 2024, the Court issued its Order Discharging Order to Show Cause and
7   Order Extending Deadline Within Which Plaintiff May Submit Additional Identifying
8   Information Regarding Defendant Frye. (Doc. 27.) Plaintiff was to provide any additional
9   information within 21 days. (*Id*. at 4.) On April 29, 2024, Plaintiff filed a document titled
10  "Plaintiff's Reply to Additional Identifying Information Regarding Defendant Frye." (Doc. 28.)

11  This Court issued its Order Directing United States Marshall to Attempt Re-Service of
12  Defendant Frye on May 1, 2024. (Doc. 29.) On May 16, 2024, the United States Marshals Service
13  filed its USM-285 form indicating the attempted re-service of Defendant Frye was unsuccessful.
14  (Doc. 30.) The Kern County Sheriff's Office Personnel Department advised the United States
15  Marshals Service that it was unable to divulge information from its personnel files and was
16  unable to provide a forwarding address for Defendant Frye. (*Id*.)

17  On May 20, 2024, the Court issued its Order Regarding Status of Service of Process.
18  (Doc. 31.) Plaintiff was afforded 30 days within which to file a motion for issuance of a subpoena
19  related to a forwarding address or service address for Defendant Frye. (*Id*. at 3-4.)

20  On June 3, 2024, Plaintiff filed a motion for issuance of a subpoena duces tecum. (Doc.
21  32.)

22  **II.   DISCUSSION**

23  Plaintiff asks the Court to issue a subpoena "to permit Kern County Sheriff's Office to
24  provide any forwarding address or service address for Defendant Frye (or documents and/or
25  electronically stored information) directly to the ***Court in camera via email***, rather than providing
26  that information to Plaintiff." (Doc. 32 at 2, emphasis in original.) Plaintiff also asks the Court to
27  "direct United States Marshal's Service to serve Defendant Frye and keep his address
28  confidential." (*Id*.)

2

Rule 45 of the Federal Rules of Civil Procedure concerns subpoenas. As Plaintiff was previously advised, the Court's authorization of a subpoena duces tecum requested by an *in forma pauperis* plaintiff is subject to limitations. Because personal service of a subpoena duces tecum is required (Fed. R. Civ. P. 45(b)), "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court. *Austin v. Winett*, No. 1:04-cv-05104-DLB PC, 2008 WL 5213414, *1 (E.D. Cal. Dec. 12, 2008); 28 U.S.C § 1915(d). Limitations include the relevance of the information sought, as well as the burden and expense to the non-party in providing the requested information. Fed. R. Civ. P. 26, 45.

Here, the information Plaintiff seeks is relevant to his prosecution of this action. Efforts to serve Defendant Frye have been unsuccessful to date and Frye is the sole defendant in this action. Frye's last known address or a forwarding address is potentially obtainable only through the Kern County Sheriff's Office. And Plaintiff's request that the Kern County Sheriff's Office provide a last known or forwarding address for its former employee is not burdensome. Further, Plaintiff acknowledges the safety and security concerns associated with providing an inmate with documentation containing the address of a staff member and asks that the information be provided directly to the Court, rather than to Plaintiff. Plaintiff's motion will be granted.

### III.  CONCLUSION AND ORDER

For the foregoing reasons**, IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for issuance of a subpoena duces tecum (Doc. 32) is **GRANTED**;
2. The Clerk of the Court shall forward the following documents to the United States Marshal's Service (USM):
    a. One completed and issued subpoena duces tecum to be served on:
        Kern County Sheriff's Office
        Personnel Department or Personnel Division
        1350 Norris Road
        Bakersfield, CA 93308
    b. In completing the subpoena, the Clerk of the Court shall list the information requested as: A last known address or forwarding address (or documents or electronically stored information) for Kern County Deputy Sheriff Frye, Badge

No. 1572, or other information known to the department concerning Deputy Frye's current employment address or current residential address; and

   c. A copy of this Order;

3. Within thirty days from the date of this Order, the USM is DIRECTED to serve the subpoena in accordance with the provisions of Rule 45 of the Federal Rules of Civil Procedure;

4. The USM shall effect personal service of the subpoena duces tecum, along with a copy of this Order, upon the individual or entity named in the subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c);

5. Within ten days after personal service is effected, the USM shall file the return of service, along with the costs subsequently incurred in effecting service, and said costs shall be enumerated on the USM-285 form;

6. Within thirty days after service is effected, the Kern County Sheriff's Office is directed to provide any responsive information **via email directly to the Court** at skoorders@caed.uscourts.gov. **The information shall not be provided directly to or shared with Plaintiff**. The Court will keep any information provided confidential; and

7. Upon receipt of the information sought, and assuming a last known or forwarding address for Defendant Frye is provided to the Court via email, the Court will again direct the USM to attempt service on Defendant Frye.

IT IS SO ORDERED.

Dated:   **June 11, 2024**             /s/ *Sheila K. Oberto*
                                           UNITED STATES MAGISTRATE JUDGE