UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO JOHNSON,<br><br>          Plaintiff,<br><br>    v.<br><br>KERN COUNTY JAIL, et al.,<br><br>          Defendants. | 1:22-cv-01046-KES-SKO (PC)<br><br>**SECOND INFORMATIONAL ORDER—NOTICE AND WARNING OF REQUIREMENTS FOR OPPOSING DEFENDANT'S SUMMARY JUDGMENT MOTION**<br><br>(Doc. 48)<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff Roberto Johnson is a former county jail inmate and current state prisoner proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment failure to protect claim against Defendant Frye.

**I.   INTRODUCTION**

On June 26, 2025, Defendant Frye filed a summary judgment motion addressing the merits of Plaintiff's claim. (Doc. 48.)[1] Although Defendant's motion indicates Defendant served a separate *Rand*[2] warning on Plaintiff (*see id*. at 9), the warning itself was not included with Defendant's filing. Therefore, in an abundance of caution, the Court provides Plaintiff with the following information and briefly extends the deadline for any opposition to Defendant's motion.

---

[1] Discovery closed in this case on April 25, 2025. (*See* Doc. 45.) The Court notes Defendant's motion for summary judgment is timely because it was filed on June 26, 2025, the deadline for the filing of dispositive motions. (*Id*. at 3.)

[2] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

1

**II.     NOTIFICATION OF RIGHTS AND REQUIREMENTS**

Pursuant to *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012), *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988), the Court hereby notifies Plaintiff of the following rights and requirements for opposing the motion:

1.      Unless otherwise ordered, all motions for summary judgment are briefed pursuant to Local Rule 230(*l*).

2.      Plaintiff is required to file an opposition or a statement of non-opposition to Defendant's motion for summary judgment. Local Rule 230(*l*). If Plaintiff fails to file an opposition or a statement of non-opposition to the motion, this action may be dismissed, with prejudice, for failure to prosecute. The opposition or statement of non-opposition must be filed not more than 21 days after the date of service of the motion. *Id*.

3.      The *Rand* decision includes this model notice provided in Appendix A:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.
>
> [Local Rule ____ of the District Court also requires, in addition, that you include as a part of your opposition to a motion for summary judgment _____.]

*Rand*, 154 F.3d at 962-63.

4. A motion for summary judgment is a request for judgment on some or all of a plaintiff's claims in favor of defendants without trial. Fed. R. Civ. P. 56(a). Defendant's motion sets forth the facts which he contends are not reasonably subject to dispute and that entitle him to judgment as a matter of law. Fed. R. Civ. P. 56(c). This is called the Statement of Undisputed Facts. Local Rule 260(a).

4. Plaintiff has the right to oppose a motion for summary judgment. To oppose the motion, Plaintiff must show proof of his claims. Plaintiff may agree with the facts set forth in Defendant's motion but argue that Defendant is not entitled to judgment as a matter of law.

5. In the alternative, if Plaintiff does not agree with the facts set forth in Defendant's motion, he may show that Defendant's facts are disputed in one or more of the following ways: (1) Plaintiff may rely upon statements made under the penalty of perjury in the complaint or the opposition if (a) the complaint or opposition shows that Plaintiff has personal knowledge of the matters stated and (b) Plaintiff calls to the Court's attention those parts of the complaint or opposition upon which Plaintiff relies; (2) Plaintiff may serve and file declarations setting forth the facts which Plaintiff believes prove his claims; (3) Plaintiff may rely upon written records but Plaintiff must prove that the records are what he claims they are; or (4) Plaintiff may rely upon all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding. Should Plaintiff fail to contradict Defendant's motion with declarations or other evidence, Defendant's evidence will be taken as truth, and final judgment may be entered without a full trial. Fed. R. Civ. P. 56(e).

6. In opposing Defendant's motion for summary judgment, Local Rule 260(b) requires Plaintiff to reproduce Defendant's itemized facts in the Statement of Undisputed Facts and admit those facts which are undisputed and deny those which are disputed. If Plaintiff disputes (denies) a fact, Plaintiff must cite to the evidence used to support that denial (e.g., pleading, declaration, deposition, interrogatory answer, admission, or other document). Local Rule 260(b).

7. Unsigned declarations will be stricken, and declarations not signed under penalty of perjury have no evidentiary value.

9. The failure of to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of the Eastern District of California may result in the imposition of sanctions including but not limited to dismissal of the action or entry of default.

### III.     THE DEADLINE FOR FILING AN OPPOSITION WILL BE EXTENDED

Considering Plaintiff's pro se status and any uncertainty concerning the content of the required *Rand* notice served by Defendant separately from the motion for summary judgment, the Court will briefly extend the deadline for Plaintiff to file his opposition to Defendant's motion for summary judgment.

### IV.     CONCLUSION AND ORDER

Based on the foregoing, the Court **HEREBY ORDERS** as follows:

1. **Within twenty-one (21) days** from the date of service of *this order*, Plaintiff **SHALL** file an opposition to Defendant's motion for summary judgment, in compliance with Federal Rule of Civil Procedure 56 and Local Rule 260. In the alternative, Plaintiff may file a statement of non-opposition to Defendant's motion within that same time; and

2. Any request for an extension of time of this deadline must be filed on or before it expires and must be supported by good cause.

IT IS SO ORDERED.

Dated:   **June 30, 2025**               /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE

4