UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO JOHNSON,<br><br>              Plaintiff,<br><br>     v.<br><br>KERN COUNTY JAIL, et al.,<br><br>              Defendants. | 1:22-cv-01046-KES-SKO (PC)<br><br>**ORDER TO SHOW CAUSE IN WRITING WHY SANCTIONS SHOULD NOT BE IMPOSED FOR PLAINTIFF'S FAILURE TO FILE A NOTICE OF CHANGE OF ADDRESS**<br><br>**21-DAY RESPONSE DEADLINE** |

Plaintiff Roberto Johnson is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment failure to protect claim against Defendant Frye.

**I.      RELEVANT BACKGROUND**

On June 26, 2025, Defendant Frye filed a summary judgment motion addressing the merits of Plaintiff's claim. (Doc. 48.)

On June 30, 2025, the Court issued its Second Informational Order. (Doc. 50.) Plaintiff was advised of his rights and responsibilities for opposing Defendant's motion for summary judgment, (*id*. at 2-4), and the deadline for filing an opposition or statement of non-opposition was extended to 21 days after the date of service of the order (*id*. at 4).

On August 1, 2025, when Plaintiff failed to file an opposition as directed, the Court issued its Order to Show Cause (OSC) Why Sanctions Should Not be Imposed for Plaintiff's Failure to File an Opposition or Statement of Non-Opposition; Plaintiff was to respond within 14 days. (Doc. 52.)

On November 25, 2025, after Plaintiff failed to respond to the OSC, the Court issued an Order Discharging Order to Show Cause. (Doc. 53.) The Court deemed Defendant Frye's motion for summary judgment "unopposed and under submission," (*Id.* at 2), and the order was served on Plaintiff at his address on record with the Court.[1] On December 12, 2025, the United States Postal Service returned the OSC marked "Undeliverable, Return to Sender, Paroled."

On December 15, 2025, the Clerk of the Court re-served the OSC to Plaintiff at "Region 1, Bakersfield Unit, 3400 Select Avenue, Bakersfield, CA 93308." The Clerk of the Court also modified the docket to reflect that same address for Plaintiff. (*See* Docket, generally.)

## II.   DISCUSSION

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110.

Further, Local Rule 182(f) provides that a "pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address …. Absent such notice, service of documents at the prior address of the … pro se party shall be fully effective." Further, Local Rule 183(b) states that a "party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within thirty (30) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." (Emphasis omitted.)

Here, although Plaintiff may have paroled to "Region 1, Bakersfield Unit, 3400 Select Avenue, Bakersfield, CA 93308," Plaintiff does not reside there. Nor is there any indication on this record that the parole office address is the only available and/or current address for Plaintiff.[2] Considering Plaintiff paroled at least as late as mid-December 2025 — if not earlier at some point

---

[1] Plaintiff was then incarcerated at the Substance Abuse Facility in Corcoran, California.

[2] In the event Plaintiff is homeless or unhoused, and his parole office remains the only current address available for him, Plaintiff may simply respond to this OSC by indicating same.

between August 1, 2025, and the OSC's issuance on November 25, 2025 — Plaintiff should have filed a notice of change of address no later than January 12, 2026.[3] To date, Plaintiff has failed to file a notice of change of address or to otherwise contact the Court.

**III.   CONCLUSION AND ORDER**

Accordingly, the Court **HEREBY ORDERS** that:

1. Plaintiff **SHALL** show cause in writing, **within 21 days** of the date of service of this order, why sanctions should not be imposed for his failure to comply with the Local Rules. Alternatively, within that same time, Plaintiff may: (1) file a notice of change of address accurately reflecting his current address following parole; or (2) advise the Court that "Region 1, Bakersfield Unit, 3400 Select Avenue, Bakersfield, CA 93308" should remain his address on record with the Court;

2. **WARNING: Plaintiff is advised that a failure to respond to this Order to Show Cause (OSC) may result in a recommendation that this action be dismissed for a failure to obey court orders and a failure to prosecute.**

IT IS SO ORDERED.

Dated:   __**January 27, 2026**__                  ____/s/ *Sheila K. Oberto*_____
                                                    UNITED STATES MAGISTRATE JUDGE

---

[3] 12/12/2025 + 30 days = 1/11/2026. Because January 11, 2026, fell on a Sunday, the deadline extends to the next business day, or January 12, 2026.