UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO JOHNSON,<br><br>                    Plaintiff,<br><br>      v.<br><br>KERN COUNTY JAIL, et al.,<br><br>                    Defendants. | 1:22-cv-01046-KES-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE**<br><br>**14-DAY OBJECTION PERIOD** |

Plaintiff Roberto Johnson is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment failure to protect claim against Defendant Frye.

**I.      RELEVANT BACKGROUND**

On June 26, 2025, Defendant Frye filed a summary judgment motion addressing the merits of Plaintiff's claim. (Doc. 48.)

On June 30, 2025, the Court issued its Second Informational Order. (Doc. 50.) Plaintiff was advised of his rights and responsibilities for opposing Defendant's motion for summary judgment (*id*. at 2-4), and the deadline for filing an opposition or statement of non-opposition was extended to 21 days after the date of service of the order (*id*. at 4).

On August 1, 2025, when Plaintiff failed to file an opposition as directed, the Court issued its Order to Show Cause (OSC) Why Sanctions Should Not be Imposed for Plaintiff's Failure to File an Opposition or Statement of Non-Opposition; Plaintiff was to respond within 14 days. (Doc. 52.)

1

On November 25, 2025, when Plaintiff failed to respond to the OSC, the Court issued its Order Discharging Order to Show Cause. (Doc. 53.) The Court deemed Defendant Frye's motion for summary judgment to be "unopposed and under submission." (*Id*. at 2.) The order was served to Plaintiff at his address then on record with the Court.[1]

On December 12, 2025, the United States Postal Service (USPS) returned the OSC marked "Undeliverable, Return to Sender, Paroled."

On December 15, 2025, the Clerk of the Court re-served the OSC to Plaintiff at "Region 1, Bakersfield Unit, 3400 Select Avenue, Bakersfield, CA 93308." The Clerk of the Court also modified the docket to reflect that same address for Plaintiff. (*See* Docket, generally.)

On January 28, 2026, the Court issued an Order to Show Cause (OSC) in Writing Why Sanctions Should Not be Imposed for Plaintiff's Failure to File a Notice of Change of Address. (Doc. 54.) Plaintiff was ordered to show cause in writing, within 21 days, why sanctions should not be imposed, or, alternatively, to file a notice of change of address. (*Id*. at 3.)

Although more than 30 days have passed, Plaintiff has failed to respond to the OSC or file a notice of change of address.

## II.    DISCUSSION

Plaintiff has failed to keep the Court apprised of his current address. Therefore, the undersigned will recommend this action be dismissed without prejudice.

### *Applicable Legal Standards*

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court

---

[1] Plaintiff was then incarcerated at the Substance Abuse Facility in Corcoran, California.

order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Local Rule 182(f) provides that a "pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address …. Absent such notice, service of documents at the prior address of the … pro se party shall be fully effective." Further, Local Rule 183(b) states that a "party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within thirty (30) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." (Emphasis omitted.)

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks & citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

### *Analysis*

Here, Plaintiff has failed to file a notice of change of address or to otherwise advise the Court of his current address. According to the Court's docket, when Plaintiff initiated this action by filing his complaint on August 18, 2022, he was incarcerated at the Substance Abuse Treatment Facility (SATF) in Corcoran, California. (Doc. 1.) All orders issued by the Court between August 2022 and November 25, 2025, were served to Plaintiff at the SATF address. On December 12, 2025, the USPS returned the November 25 order marked "Undeliverable, Return to

Sender, Paroled." On that date, Plaintiff's address of record became "Region 1 Bakersfield Unit, 3400 Select Avenue, Bakersfield, CA 93212-5244."

On December 15, 2025, the Clerk of the Court re-served the November 25, 2025, order to Plaintiff at the Region 1 address in Bakersfield. On January 28, 2026, following a review of the docket for this action, the Court issued its OSC regarding Plaintiff's failure to file a notice of change of address. (Doc. 54.) The Court noted that Plaintiff did not reside at the address for the Region 1 parole office in Bakersfield and that, at the latest, "Plaintiff should have filed a notice of change of address no later than January 12, 2026," but had failed to do so. (*Id*. at 2-3.) Plaintiff was ordered to respond to the OSC within 21 days. (*Id*. at 3.) Although more than 30 days have passed, Plaintiff has not filed a notice of change of address or otherwise contacted the Court. Because Plaintiff has failed to keep the Court apprised of his current address, this action is subject to dismissal. Given the Court's present inability to communicate with Plaintiff, the undersigned finds there are no other reasonable alternatives available to address Plaintiff's failure to obey the Local Rules and failure to prosecute. Thus, the first and second factors — the expeditious resolution of litigation and the Court's need to manage its docket — weigh in favor of dismissal. *Carey*, 856 F.2d at 1440; *Henderson*, 779 F.2d at 1424.

The third factor, risk of prejudice to defendant, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W*., 542 F.2d 522, 524 (9th Cir. 1976). Here, Defendant Frye answered Plaintiff's complaint in September 2024 (Doc. 36), engaged in discovery following issuance of a scheduling order in November 2024 (Doc. 45), and filed a motion for summary judgment on June 26, 2025 (Doc. 48). Plaintiff failed to file either an opposition or a statement of non-opposition to Defendant's summary judgment motion, despite the issuance of an OSC on August 1, 2025. (*See* Docs. 52 & 53.) These proceedings are essentially at a standstill because of Plaintiff's failure to keep the Court apprised of his current address. Plaintiff has unreasonably delayed the prosecution of this action since at least December 12, 2025, when mail directed to Plaintiff was returned to the Court as undeliverable by the USPS. Thus, the third factor also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440-41.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Plaintiff has not moved this case forward toward disposition on the merits which is his responsibility. Instead, Plaintiff has stopped communicating with the Court and has failed to comply with this Court's Local Rules. Although more than 70 days have passed since the USPS returned this Court's November 25, 2025, order following its re-service to Plaintiff on December 15, 2025, and more than 30 days have passed since the Court issued an OSC on January 28, 2026, Plaintiff has failed to file a notice of change of address in compliance with Local Rule 183(b).[2] Therefore, the fourth factor — the public policy favoring disposition of cases on their merits — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's orders will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, in the First Informational Order in Prisoner/Civil Detainee Civil Rights Case issued August 19, 2022, Plaintiff was advised as follows: "In litigating this action, the parties must comply with this Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the United States District Court, Eastern District of California ("Local Rules"), as modified by this Order. Failure to so comply will be grounds for imposition of sanctions which may include dismissal of the case. Local Rule 110; Fed. R. Civ. P. 41(b)." (*See* Doc. 3 at 1.) That Order further advised: "A pro se plaintiff must keep the Court and opposing parties informed of the party's correct current address. Local Rule 182(f). If a party moves to a different address without filing and serving a notice of change of address, documents served at a party's old address of record shall be deemed received even if not actually received. … If mail directed to a pro se plaintiff at the address of record is returned by the United States Postal Service as undeliverable, the order will not be re-served a second time absence a notice of change of address. If a pro se plaintiff's

---

[2] As of today's date, the OSC has not been returned by the USPS.

address is not updated within sixty-three (63) days of mail being returned as undeliverable, the case will be dismissed for failure to prosecute." (*Id*. at 5.)[3] However, as of January 1, 2025, Local Rule 183(b) provides that a change of address must be filed within 30 days.[4] Finally, in the OSC issued January 28, 2026, Plaintiff was advised: "**<u>WARNING</u>: Plaintiff is advised that a failure to respond to this Order to Show Cause (OSC) may result in a recommendation that this action be dismissed for a failure to obey court orders and a failure to prosecute**." (Doc. 54 at 3, emphasis in original.) Therefore, Plaintiff had adequate warning that dismissal could result from his noncompliance with this Court's Local Rules or failure to update his address. Thus, the fifth factor — the availability of less drastic sanctions —weighs in favor of dismissal. *Ferdik*, 963 F.2d at 1262; *Carey*, 856 F.2d at 1440.

Simply put, Plaintiff had more than adequate warning that dismissal could result from his noncompliance with this Court's Local Rules or failure to update his address. Thus, the fifth factor — the availability of less drastic sanctions —weighs in favor of dismissal. *Ferdik*, 963 F.2d at 1262; *Carey*, 856 F.2d at 1440.

In sum, Plaintiff has failed to comply with this Court's Local Rules to keep the Court apprised of his current address, and in doing so, has failed to prosecute this action. Whether Plaintiff has done so intentionally or mistakenly is inconsequential. It is Plaintiff's responsibility to comply with the Court's orders and to prosecute this action. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

//

//

[3] A blank "Notice of Change of Address" form was also provided for Plaintiff's use. (*See* Doc. 3 at 7.)

[4] The Local Rules state: "These Local Rules are effective on December 1, 2009, and shall govern all actions then pending or commenced thereafter." *See* Local Rule 100(e). Further, the Local Rules provide: "Immediately upon the adoption of these Rules *or any change in these Rules*, copies of the new and revised Rules shall be provided to such publications and persons as the Chief Judge deems appropriate. The Clerk shall promptly notify … *other law libraries maintained by the State* [like state prison law libraries] … in the Eastern District of California. Copies shall be distributed in a manner calculated to ensure maximum notification to those practicing in the Eastern District of California. A notice shall be posted prominently in the Clerk's Offices and on the Court's website." *See* Local Rule 102(c), italics added.

### III.    CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court **HEREBY RECOMMENDS** that this action be dismissed, without prejudice, based on Plaintiff's failure to obey the Local Rules and to prosecute this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:    **March 9, 2026**                     /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE